IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DENNIS MARTINEZ,

                               Petitioner,                      ORDER

     v.

                                                           14-cv-417-wmc

REED RICHARDSON, Warden,
Stanley Correctional Institution,

                             Respondent.

---

State inmate Dennis Martinez seeks a writ of habeas corpus under 28 U.S.C. § 2254 to challenge his conviction in Washington County Case No. 2004CF183. He has paid the filing fee and this case is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. After considering all of the pleadings and the applicable law, the petition will be dismissed as barred by the governing one-year statute of limitations.

## FACTS

Court records provided by Martinez reflect that he entered a plea of nolo contendere to charges of repeated sexual assault of the same child in violation of Wis. Stat. § 948.025(1). On February 21, 2005, the Washington County Circuit Court sentenced Martinez to serve a total of 20 years' initial confinement in prison, followed by a 20-year term of extended supervision.

Although normally due within one year of his sentence, Martinez received a six-month extension, up to and including August 26, 2005, in which to file a post-conviction motion or notice of appeal. Shortly thereafter, on August 30, 2005, Martinez's retained

attorney Michael Backes filed a letter with the court informing all parties that he would not be filing a post-conviction motion or appeal on Martinez's behalf.

Eight years after his original judgment of conviction, March 5, 2013, Martinez filed a *pro se* motion for post-conviction relief pursuant to Wis. Stat. § 974.06, alleging that he was denied effective assistance of counsel at his trial.  In particular, Martinez claimed his counsel was ineffective by:  (1) failing to challenge his being charged with sexual assault of a child, Wis. Stat. § 948.02 and § 948.025(1), in violation of his right to due process and the prohibition against double jeopardy; and (2) failing to object or file a direct appeal regarding this issue.  After observing that Martinez was only charged with one count of repeated sexual assault of a child under § 948.025(1), the circuit court denied Martinez's motion on April 5, 2013.  The Wisconsin Court of Appeals affirmed that decision in an unpublished opinion on November 20, 2013, noting that the record conclusively demonstrated that Martinez was not entitled to relief on his ineffective assistance of counsel claim.  *See State v. Martinez*, No. 2013AP981.  The Wisconsin Supreme Court refused Martinez's petition for review on December 18, 2013.

On June 4, 2014, Martinez executed the pending petition for a writ of habeas corpus under 28 U.S.C. § 2254, and filed it with this court.  He appears to raise the same or similar claims as the ones rejected in his state court post-conviction motion.

OPINION

I.    **The One-Year Statute of Limitations on Federal Habeas Review**

The petition in this case is governed by the Antiterrorism and Effective Death

Penalty Act (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, which was enacted on April 24, 1996.  Under the AEDPA, all habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d)(1).  The one-year limitations period is designed to "encourag[e] prompt filings in federal court in order to protect the federal system from being forced to hear stale claims."  *Carey v. Saffold*, 536 U.S. 214, 226 (2002).  Because the pending petition was filed after the effective date of the AEDPA, April 24, 1996, the one-year limitations period applies.  *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997).

When a prisoner challenges the validity of a state court judgment, the statute of limitations typically begins to run at "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  After the circuit court imposed its sentence, Martinez received an extension of time, up to and including August 26, 2005, in which to file a post-conviction motion or notice of appeal.  Martinez's conviction became final when his deadline for seeking such review expired.  The federal habeas corpus statute of limitations expired one year later on or about August 26, 2006.  Therefore, Martinez's June 2, 2014, petition is plainly barred from federal review as untimely.

In his petition, Martinez concedes that his conviction became final in 2005. Martinez nevertheless argues that his appellate attorney refused to forward a copy of his file until he filed a formal complaint with the Office of Lawyer Regulation in September of 2012.  Specifically, counsel did not release the file until September 19, 2012.  Arguing

that this delay is attributable to his attorney, Martinez appears to request equitable tolling.[1]

"Equitable tolling is an exceptional remedy and so 'is rarely granted.'" *See Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990); *see also Obriecht v. Foster*, 727 F.3d 744 (7th Cir. 2013). The Supreme Court has since clarified that a "'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing.'" *Holland v. Florida*, 560 U.S. 631, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The petitioner bears the burden of proving that equitable tolling is warranted. *Pace*, 544 U.S. at 418; *Ray v. Clements*, 700 F.3d 993, 1007 (7th Cir. 2012). Martinez falls far short of carrying that burden as well.

In this case, Martinez takes issue with the charges against him, which were a matter of public record, but neither establishes that he was unable to appeal nor that he was prevented from timely seeking review of his claim without access to his file. More importantly, Martinez certainly does not establish that he pursued his rights with due diligence. Under these circumstances, equitable tolling does not apply. *See Pace*, 544 U.S. at 419 (stating the general rule that "lack of diligence precludes equity's operation")

---

[1] A statutory exception may toll or extend the one-year limitations period if any of the following circumstances are present: (1) the State has created an impediment to filing a petition; (2) the petition is based on a newly recognized constitutional right made retroactive by the Supreme Court; or (3) the claim is based on a new factual predicate, which new facts could not have been discovered with due diligence on an earlier date. *See* 28 U.S.C. § 2244(d)(1)(B)–(D). Likewise, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment" does not count toward the limitations period. 28 U.S.C. § 2244(d)(2). However, petitioner does not suggest that any of these statutory exceptions apply, nor do any appear to do so.

(citations omitted).

Because Martinez does not carry his burden to demonstrate that equitable tolling is available, the petition must be dismissed as untimely filed.

## II.   Certificate of Appealability

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to petitioner.  To obtain a certificate of appealability, the applicant typically must make a "substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004).  Where denial of relief is based on procedural grounds, the petitioner must also show that "jurists of reason . . . would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Generally, this means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted).

Although the rule allows a court to ask the parties to submit arguments on whether a certificate is warranted, it is not necessary to do so here because the briefing was adequate to resolve the procedural issue in this case.   Because reasonable jurists

would not debate whether a different result was required, no certificate of appealability will issue.

ORDER

IT IS ORDERED that:

1.  The federal habeas corpus petition filed by petitioner Dennis Martinez is DISMISSED with prejudice as barred by the one-year statute of limitations found at 28 U.S.C. § 2244(d)(1).

2.  A certificate of appealability is DENIED.  If petitioner wishes he may seek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered this 8th day of December, 2016.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge